UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LISA D. LEBER,

    Plaintiff,

v.

MELISSA BUZBEE-STILES,

    Defendant.

Case No. 19-cv-412-JPG-GCS

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Major Melissa Buzbee-Stiles's motion to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and for failure to exhaust administrative remedies (Doc. 6). Plaintiff Lisa D. Leber has responded to the motion (Doc. 14), and Buzbee-Stiles has replied to that response (Doc. 15).

This case arose after Leber obtained an emergency order of protection ("OP") under 740 ILCS 21/1 *et seq.* in state court against Buzbee-Stiles. Leber was a civilian federal employee assigned to work in the Pediatric Clinic at Scott Air Force Base in Illinois, and Buzbee-Stiles, a Major in the United States Air Force, was her supervisor. Apparently, Leber was unhappy with the way Buzbee-Stiles treated her at work during the course of their employment, so on March 29, 2019, Leber filed a Verified Petition For Stalking No Contact Order in the St. Clair County Circuit Court, Case No. 19OP249 (Doc. 1-1 at 8-12). The only relief she requested in the petition was injunctive relief—an OP.

The same day Leber filed her petition, and without notice to Buzbee-Stiles, the St. Clair County Circuit Court issued an Emergency Stalking No Contact Order ("Emergency OP"). Consequently, Buzbee-Stiles was the subject of a no contact order, and her identifying information was entered into the Illinois Law Enforcement Agencies Data System ("LEADS") pursuant to 740 ILCS 21/135 as the subject of an OP. The Emergency OP prohibited Buzbee-Stiles from, among other things, coming

within 500 feet of Leber and their place of employment and communicating with Leber directly or through third parties, although it purported to permit Buzbee-Stiles to "work" without violating the Emergency OP (Doc. 1-1 at 3-7). The Emergency OP was set to expire by its own terms at 5:00 p.m. April 17, 2019.

Buzbee-Stiles was served with the OP on April 1, 2019. On April 12, 2019, she removed the case to federal court. On April 16, 2019, this Court vacated the Emergency OP, found it was void *ab initio*, and directed the St. Clair County Sheriff's Department and the Illinois State Police to remove the Emergency OP and any related information from LEADS (Doc. 7). It further set a briefing schedule on Buzbee-Stiles's motion to dismiss this entire case. The parties filed their respective briefs, which the Court has reviewed. The United States' reply brief indicates Leber has resigned from her job at the Pediatric Clinic at Scott Air Force Base where Buzbee-Stiles supervised her, and is no longer employed by the Air Force. Instead, she now works for the Department of Veterans Affairs.

In reviewing the briefs, the Court notes that Buzbee-Stiles's relevant arguments are not all clearly set forth in her motion with relevant support and in a manner where Leber had an adequate opportunity to respond to them. For example, Buzbee-Stiles's motion to dismiss (Doc. 6) was combined with her motion to vacate the Emergency OP. Most of the legal arguments set forth in that motion were directed at the request to void the Emergency OP rather than the request to dismiss the case in its entirety. In fact, the motion purports to be pursuant to Federal Rule of Civil Procedure 12(b)(6), but it never explains how the facts of the case should be analyzed under the Rule 12(b)(6) framework or how the rule justifies dismissal of this entire action based solely on the pleadings, especially where the pleadings do not specifically refer to a workplace dispute involving two federal workers. Buzbee-Stiles further requests dismissal for failure to exhaust administrative remedies, yet she fails to support this request with relevant argument or citation to relevant facts and law. Additionally, it appears the facts have changed since Buzbee-Stiles's original motion—Leber and

Buzbee-Stiles no longer work together—raising the question of mootness and subject matter jurisdiction. However, this changed circumstance was not noted until Buzbee-Stiles's reply brief, to which Leber had no opportunity to respond.

The Court believes the best course of action to move this case forward fairly is to deny the pending motion to dismiss without prejudice and allow Buzbee-Stiles an opportunity to answer and/or file a new dispositive motion setting forth all of her arguments supporting her request for dismissal, with well-developed argument and citation to relevant law. Leber would then have a full and fair chance to respond to all the relevant arguments.

Accordingly, the Court **DENIES without prejudice** Buzbee-Stiles's motion to dismiss (Doc. 6) and **ORDERS** that she shall have 30 days from the date of this order to answer or otherwise respond to Leber's petition (Doc. 1-1 at 8-12). Should Buzbee-Stiles choose to file a motion, further briefing shall be governed by Local Rule 7.1.

**IT IS SO ORDERED.**
**DATED: June 5, 2019**

               s/ J. Phil Gilbert
               **J. PHIL GILBERT**
               **DISTRICT JUDGE**