UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LISA D. LEBER,

    Plaintiff,

v.

MELISSA BUZBEE-STILES,

    Defendant.

Case No. 19-cv-412-JPG-GCS

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Major Melissa Buzbee-Stiles's second motion to dismiss this case for lack of subject matter jurisdiction and for failure to state a claim (Doc. 25). Plaintiff Lisa D. Leber has responded to the motion (Doc. 27).

**I.    Background**

This case arose after Leber obtained an emergency order of protection under the Illinois Stalking NO Contact Order Act, 740 ILCS 21/1 *et seq.* in state court against Buzbee-Stiles. Leber was a civilian federal employee assigned to work in the Pediatric Clinic at Scott Air Force Base in Illinois, and Buzbee-Stiles, a Major in the United States Air Force, was her supervisor. Apparently, Leber was unhappy with the way Buzbee-Stiles treated her at work during the course of their employment, so on March 29, 2019, Leber filed a Verified Petition For Stalking No Contact Order in the St. Clair County Circuit Court, Case No. 19OP249 (Doc. 1-1 at 8-12).

The same day Leber filed her petition, and without notice to Buzbee-Stiles, the St. Clair County Circuit Court issued an Emergency Stalking No Contact Order ("Emergency OP"). Buzbee-Stiles was served with the Emergency OP on April 1, 2019. On April 12, 2019, she removed the case to federal court pursuant to 28 U.S.C. §§ 1442a and 1442(a)(1). This Court vacated the Emergency OP four days later on the grounds that she did not have a likelihood of success on the merits in light of the preemptive effect of the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 1101 *et seq.*, on disputes over

federal workplace conditions.

Buzbee-Stiles now asks the Court to dismiss this case in its entirety on the grounds of sovereign immunity, mootness, failure to state a claim, and preemption by the CSRA. Leber's response recounts the horrors of her encounters with Buzbee-Stiles, but she does not squarely address the legal issues raised by Buzbee-Stiles's motion.[1]

## II. Analysis

Buzbee-Stiles argues that Leber's claims under the Illinois Stalking NO Contact Act are preempted by the CSRA, 5 U.S.C. § 1101 *et seq.*, because Leber seeks redress for her employment-related grievances regarding the conditions she describes in her petition. Leber's claims are, in fact, preempted by the CSRA, and her remedies are found exclusively under that act.

The CSRA "is a detailed, comprehensive effort to regulate employee-management relations in the federal government." *Schrachta v. Curtis*, 752 F.2d 1257, 1259 (7th Cir. 1985). "[T]he CSRA comprehensively overhauled the civil service system, creating an elaborate new framework for evaluating adverse personnel actions against federal employees." *United States v. Fausto*, 484 U.S. 439, 443 (1988) (internal quotations, citations and brackets omitted); *accord Richards v. Kiernan,* 461 F.3d 880, 883 (7th Cir. 2006) (noting Congress implicitly repealed jurisdiction of federal courts over personnel actions arising out of federal employment). Adverse personnel actions include a change in working conditions by, say, a supervisor's harassment. 5 U.S.C. § 2302(a)(2)(A)(xii); *see Dekeyser v. Zimmermann*, No. 16-CV-422-WMC, 2017 WL 3484963, at *5 (W.D. Wis. Aug. 14, 2017). The United States Court of Appeals for the Seventh Circuit has noted that "the detailed administrative framework established by the [CSRA] convinces us, as it has other courts, that Congress intended the

---

[1] The Court notes that its refusal to recruit counsel for Leber in this matter was not prejudicial. The presence of counsel in this case on Leber's behalf would not have any reasonable chance of changing the Court's conclusions set forth below.

remedies provided by the CSRA to be the exclusive means to remedy violations of the Act's substantive provisions." *Schrachta*, 752 F.2d at 1260. Because the CSRA provides a comprehensive remedy scheme for allegedly improper actions by federal employees that might otherwise give rise to a civil lawsuit, such other claims are preempted by the CSRA. *See LeBlanc v. United States*, 50 F.3d 1025, 1030 (Fed. Cir. 1995). For this reason, the Court lacks jurisdiction over Leber's claims in this case.

Even if the Court could hear this case, it is convinced Leber would not be entitled to the relief she seeks under the Illinois Stalking NO Contact Order Act, 740 ILCS 21/1 *et seq*. The Court arrives at this conclusion after first addressing Buzbee-Stiles's claims of sovereign immunity.

Buzbee-Stiles argues that Leber's claims are barred by the doctrine of sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Federal officers sued in their official capacities are entitled to the same immunity because a suit against a federal officer in his official capacity is tantamount to a suit against the United States. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see, e.g., Maus v. Curran*, 945 F. Supp. 1217 (E.D. Wis. 1996). The same is true where a federal officer is sued in her individual capacity but where the relief sought against the officer would, in fact, be relief against the United States. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687 (1949). For example, a suit for injunctive relief against a federal officer to restrain the officer's action may also effectively restrain the United States actions by restraining its agent, the officer. *Id.* at 688. Such suits are barred by sovereign immunity absent the United States' consent to be sued. *Id.*

Leber's lawsuit against Buzbee-Stiles is effectively against the United States. She seek to enjoin Buzbee-Stiles from conduct within the scope of her employment as a federal employee. Such an injunction would also effectively restrain the United States as well, for Buzbee-Stiles acts as the

3

United States' agent in the conduct to be restrained. Indeed, during the brief period where the Emergency OP was in effect, Buzbee-Stiles was unable to report to her federal workplace and perform the tasks assigned to her to perform on behalf of the United States. Such an injunction is barred by sovereign immunity absent the United States' consent to be sued. However, it appears that, in the Administrative Procedures Act, the United States has waived its immunity for injunctive claims for prospective relief:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702; *see Blagojevich v. Gates*, 519 F.3d 370, 371 (7th Cir. 2008). Therefore, Buzbee-Stiles is not immune from Leber's claims.

Nevertheless, "[a]n absence of immunity does not result in liability if the substantive law in question is not intended to reach the federal entity." *U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 744 (2004). The state statute in issue here is not. As Buzbee-Stiles noted in her motion to dismiss, the Illinois Stalking NO Contact Order Act does not extend to the lawful exercise of free speech in the workplace, including controversies about working conditions. 740 ILCS 21/10. Such grievances are exactly the kind of conduct Leber complains about. Additionally, the act only aims to restrain individuals—state residents and non-residents having minimum contacts with Illinois—not the federal government. 740 ILCS 21/50; *see* 740 ILCS 21/10 (in the definition of "stalking," referring to the stalker as "he or she"); 740 ILCS 21/95(b) (referring to respondent as "he or she"); 740 ILCS 21/110(b)(5) (same); 740 ILCS 21/125 (setting forth criminal penalties for violating a stalking no contact order); 740 ILCS 21/130 (referring to arrest of a "person" for violating a stalking no contact order). Thus, the federal government is not, and was never intended to be, subject to the act in the first place. For these reasons, Leber's claim seeking to restrain the United States through its agent Buzbee-

4

Stiles cannot succeed and should be dismissed.

In light of the foregoing conclusions, the Court need not address Buzbee-Stiles's other arguments for dismissal.

## III. Conclusion

For the foregoing reasons, the Court **GRANTS** Buzbee-Stiles's second motion to dismiss (Doc. 25), **DISMISSES** this case **without prejudice** for lack of jurisdiction, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: November 20, 2019**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**